UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA G., <br><br>                    Plaintiff, <br><br> -against- <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                    Defendant. | 23-CV-4911 (CM) (OTW) <br><br> **<u>ORDER AWARDING ATTORNEY'S FEES</u>** |

**ONA T. WANG, United States Magistrate Judge:**

On May 28, 2024, the parties stipulated to an order remanding this matter to the Commissioner of Social Security ("Defendant") for further proceedings pursuant to 42 U.S.C. § 406 (ECF 20). Ultimately, Plaintiff received an outright award of **$162,316.00** in past due benefits. (ECF 24). On March 23, 2025, Plaintiff moved for attorney's fees, pursuant to 42 U.S.C. § 406(b), in the amount of **$40,579.00** representing 25% of the past due benefits award. (ECF 24). On March 31, 2025, Defendant filed a letter advising the Court that the Defendant did not object to Plaintiff's motion. (ECF 25). On June 18, 2025, Judge McMahon referred the motion for attorney's fees to me. (ECF 26). Upon consideration of Plaintiff's motion and accompanying submissions, and the Defendant's response thereto, Plaintiff's motion for attorneys' fees is **GRANTED**.

The Court has considered the following five factors to determine the requested fee is reasonable: (1) the ability and expertise of the attorney(s); (2) the nature and length of the relationship counsel had with the claimant; (3) the claimant's satisfaction with the services provided by counsel; and (4) the uncertainty of an award of benefits. *Fields v. Kijakazi*, 24 F.4th 845, 854-856 (2d Cir. 2022). The requested fees represent 25% of the retroactive benefits

awarded to Plaintiff. Plaintiff's counsel supports the instant application with contemporaneous billing records that show **43.7 billable hours of work** in conjunction with this matter, equating to **$928.58 per hour**, which, while likely higher than average for an attorney practicing in Philadelphia, Pennsylvania, does not represent an unreasonable windfall to Plaintiff's counsel and is commensurate with their retainer contract. (ECF 24-2, 24-3). Defendants' do not object to the fee amount or point to any obvious inconsistency or inefficiency in Plaintiff's counsel's records. (ECF 25).

Accordingly, Plaintiff's counsel is awarded **$40,579.00** in attorney's fees pursuant to 42 U.S.C. § 406(b). This award must be reduced by **$9,540.18** already paid to Plaintiff's counsel as Equal Access to Justice Act fees. (ECF 23 at 6). Therefore, counsel for Plaintiff is entitled to a remaining award of **$31,038.82** in full satisfaction of all claims for attorney's fees in connection with this action.

In accordance with Defendant's policy and at Defendant's request (ECF 25), this Order is an award of fees only and not an order that Defendant shall pay the above amount. Fees may be paid to Plaintiff's counsel directly so long as Plaintiff has so agreed in writing, and Plaintiff owes no debt to the federal government that is subject to offset, and the Plaintiff's counsel's total attorney's fees do not exceed **$40,579.00**

The Clerk of Court is respectfully directed to close ECF 24.

**SO ORDERED.**

Dated: September 22, 2025   　　　　　　　　　　　　*/s/ Ona T. Wang*
　　　New York, New York　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge